Samuel H. Hofstadter, J.
In view of the dissenting opinion, an opinion by the majority seems indicated, restricted to the present record.
It is the function of the trial court to explore and find the facts. We may not, in the proper exercise of our limited power of review of the facts, retry the case. That an appellate court would have reached a different result on the facts is not a valid ground for discarding that reached in the court below. And this is true whether the trial be by jury or by the court without a jury.
The action is to recover damages for personal injuries sustained in a collision on January 26, 1954, at about 7:00 p.m., between the plaintiff’s and the defendant’s automobiles, each driven by its owner.
The plaintiff was proceeding north on Bruckner Boulevard, a wide thoroughfare with six lanes of traffic in each direction, *463 separated by a center mall. The collision occurred in the intersection of Bruckner Boulevard and White Plains Road, while the plaintiff was making a turn westward into White Plains Road. The defendant was traveling south on Bruckner Boulevard. It is undisputed that immediately before the collision the light had turned red for north and south traffic on Bruckner Boulevard and that both the plaintiff and the defendant had come to a complete stop at the intersection with White Plains Road. At that time the plaintiff’s car was at the extreme left of the northbound and the defendant’s at the extreme right of the southbound roadway. There are six traffic signals at this intersection. The plaintiff testified that when the light turned green she proceeded to make a left turn to the west into White Plains Road and that her car was already headed west and was well across the intersection at the point of impact. She testified that after the light had turned green for northbound traffic on Bruckner Boulevard there was a brief interval before the light for southbound traffic turned green during which southbound traffic did not move and that she began and was making her turn during this interval. She had noticed this difference in timing* for the north and southbound traffic on prior occasions.
The defendant argues vigorously that the foregoing testimony of the plaintiff regarding the operation of the lights is incredible and contrary to the physical facts. The witness employed by the Traffic Department, testified solely from the department records and had no knowledge of the actual method of operation at the time of the collision. Though unlikely, it is not beyond possibility that the lights for northbound and southbound traffic were timed differently, bearing in mind that there were six lights at the intersection. There was moreover a clearance interval of several seconds when both the red and green appear lit to warn motorists that there is to be a change of lights. It may be that the plaintiff mistook this interval for what she believed to be the additional period before the light turned green for southbound traffic.
In any case, it is self-evident that the plaintiff had crossed safely the first five lanes of southbound traffic before she came into the line of the defendant’s car traveling at the extreme right or most westerly lane. Added to this, there is the defendant’s own testimony that he saw the plaintiff’s car headed north in the extreme left northbound lane and had it under observation throughout the time it turned into White Plains Road until the collision, and that at the time of the collision the plaintiff’s *464 car was already in a straight line on White Plains Road and almost past the westerly curb line of Bruckner Boulevard. The verdict for the plaintiff could thus rest either on acceptance of her testimony regarding the operation of the lights or on a finding that the collision was due solely to the failure of the defendant who had the plaintiff’s car under observation throughout to take reasonable means to avoid the impact.
The charge was clear and the defendant did not except to it insofar as it dealt with negligence. The point made on oral argument that there was no charge on last clear chance is an obvious afterthought; no such contention is made in the brief. Moreover, the charge did squarely present the issue whether the defendant had afforded the plaintiff the opportunity to clear the intersection and the defendant neither excepted nor asked for further instructions. In the circumstances there is no valid reason to disturb the verdict imposing liability on the defendant.
Nor do "we find merit in the defendant’s contention that the verdict is excessive. The accident occurred on January 26,1954; the case was tried in November, 1957. The principal injury was to the plaintiff’s upper back; she underwent treatment for a long period and at the time of the trial still complained of the effects of this injury. She had, on the advice of an orthopedist, also worn a shoulder brace for some period of time. At first the injury interfered with her regular work of operating a cardotype machine. She had difficulty with her left hand, which interfered with lifting and stretching and in carrying her baby. While there was no definite medical finding that this condition was permanent, there was no assurance when, if ever, the pain would disappear completely. The defendant’s contention that the plaintiff’s complaints were the result of pre-existing chronic back condition, rather than of the accident, based on an isolated incident, was for the jury who evidently rejected it. The $3,500 award for the injuries, the effects of which were still present, almost four years after the occurrence, is clearly not excessive.
The judgment should be affirmed, with costs.